UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELISABETH THIERIOT,

    Plaintiff,

    v.

ANDREW SWEET, et al.,

    Defendants.

Case No. 25-cv-07816-JD

**ORDER RE IFP APPLICATION, TEMPORARY RESTRAINING ORDERS, PRELIMINARY INJUNCTIONS, AND DISMISSAL**

Pro se plaintiff Elisabeth Thieriot has applied to proceed in forma pauperis (IFP). Dkt. No. 3. "IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees." *Nordin v. Scott*, No. 3:21-cv-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021), *aff'd,* No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023). The answer here is yes. Thieriot states that she is unemployed, has only $20 to her name, and has no monthly income. Dkt. No. 3 at 1-3.

The next question is whether the complaint is sufficient to stand, and the answer is no. *See* Dkt. No. 1. "The Court may 'at any time' dismiss an IFP complaint that fails to state a claim on which relief may be granted." *Nordin*, 2021 WL 4710697, at *1 (quoting 28 U.S.C. § 1915(e)(2)(B)). "The standard is the same as under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). As a pro se plaintiff, Thieriot gets a liberal construction of her complaint and the benefit of any doubts, but she still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Id.* (citing *Nguyen Gardner v. Chevron Capital Corp.,* No. 15-cv-01514-JD, 2015 WL 12976114 (N.D. Cal. Aug. 27, 2015)).

Even when read with a generous eye, the complaint does not present a plausible claim for relief. *See* Dkt. No. 1. It is more than 1,000 pages of rambling and disjointed statements that are difficult to follow, and are often incoherent. *See id.* A significant portion of it appears to concern California state court proceedings, although this too was not clearly alleged. *See id.*

Overall, the complaint falls well below the requirement of a short and plain statement of a claim under Federal Rule of Civil Procedure 8. In addition, to the extent Thieriot is challenging state court proceedings, the Court lacks subject matter jurisdiction. *See Herships v. California Superior Ct.*, No. 3:20-cv-07208-JD, 2024 WL 4197637, at *2 (N.D. Cal. Sept. 13, 2024).

Consequently, the complaint is dismissed. The Court sees no realistic likelihood that amending the complaint will result in a plausible claim, and so the case is dismissed without prejudice. The applications for temporary restraining orders and preliminary injunctions, Dkt. Nos. 5, 7, 8, are denied as moot. No further filings will be accepted.

**IT IS SO ORDERED.**

Dated: October 7, 2025

JAMES DONATO
United States District Judge